REBECCA B. BOND, Chief
KATHLEEN P. WOLFE, Special Litigation Counsel
KEVIN J. KIJEWSKI, Deputy Chief
STEPHANIE M. BERGER, Trial Attorney
ELIZA DERMODY, Trial Attorney, CABN 255095
JOY LEVIN WELAN, Trial Attorney
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW – 4CON
    Washington, DC 20530
    Telephone: (202) 353-5101
    Stephanie.Berger@usdoj.gov
ATTORNEYS FOR PLAINTIFF UNITED STATES

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
|   v. | ) Case No. 1:21-cv-00055-JLT |
| CHIBUIKE ANUCHA, MD, PC, | ) |
|     Defendant. | ) |

## STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION

1. The Parties agree that discovery in this Action is likely to involve production of confidential or private information, including protected health information and documents that constitute or include "records" under the Privacy Act, 5 U.S.C. § 552a, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Privacy Act permits the United States to disclose such "records" pursuant to a court order. *See* 5 U.S.C. § 552a(b)(11). The Parties agree that there is good cause to make certain disclosures in this Action, including production of "records" otherwise protected by the Privacy Act, under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Accordingly, the Parties hereby enter into this Stipulated Protective Order Regarding Disclosure of Confidential Information ("Protective Order").

2. The categories of information proposed to be covered by this Protective Order are set forth in paragraph 4(b) herein. *See* Local Rule 141.1(c)(1). Each of these categories of information is eligible for protection for the reasons explained below. *See* Local Rule 141.1(c)(2).

    (a) Information that falls within the scope of paragraphs 4(b)(i) and (v) is eligible for protection by their own terms.

    (b) Information that falls within the scope of paragraph 4(b)(ii) is eligible for protection under the Privacy Act unless one of the enumerated exceptions applies. *See* 5 U.S.C. § 552a(b).

    (c) Information that falls within the scope of paragraph 4(b)(iii) is eligible for protection because it contains personal identifying information, which is generally protected from public disclosure in litigation. *See, e.g.*, *Hill v. England*, 2005 WL 8176407, at *6-*7 (E.D. Ca. Dec. 14, 2005).

    (d) Information that falls within the scope of paragraph 4(b)(iv) is eligible for protection because it contains privacy-protected personal health information, which is protected from public disclosure under the Health Insurance Portability and Accountability Act ("HIPAA") unless one of the enumerated exceptions applies. *See* 45 C.F.R. § 164.502(a).

3. The Protective Order in this case should take the form of a court order as opposed to a private agreement between the Parties because the Privacy Act and HIPAA permit the disclosure of information between the Parties in litigation pursuant to a court order. *See* 5 U.S.C. § 552a (b)(11); 45 C.F.R. § 164.512(e)(1)(v). In addition, disputes may arise regarding whether certain information is subject to the Protective Order. If the Parties are unable to resolve these disputes on their own, they may need the Court's assistance. The procedures governing the resolution of disputes that arise under the Protective Order are set forth in paragraphs 12-14 below.

**I.      Definitions**

4. As used in this Protective Order:

(a)    "Action" means the above-entitled action styled as *United States of America v. Chibuike Anucha, MD, PC*, No. 1:21-cv-00055-JLT (E.D. Cal. Jan. 14, 2021).

(b)    For the purposes of this Protective Order, "Confidential Information" means information produced in this Action (regardless of how it is generated, stored, or maintained) that:

    (i)    Qualifies for protection under Federal Rule of Civil Procedure 5.2(a) or 26(c);

    (ii)   Constitutes, includes, or is contained in "records" subject to the Privacy Act, 5 U.S.C. § 552a;

    (iii)  Contains personal identifying information, including names, social security numbers, taxpayer identification numbers, birth dates, addresses, telephone numbers, or financial account information;

    (iv)   Contains privacy-protected personal health information; or

    (v)    Is other information the confidentiality of which the Producing Party is under a legal duty to protect.[1]

(c)    "Designating Party" is a Party that designates information or items as "Confidential Information."

(d)    "Disclose" means to show, give, make available, reveal, describe, transmit, or otherwise communicate, in any fashion, in whole or in part.

(e)    "Disclosure" or "Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained

---

[1] With the exception of the restrictions set forth in (iii) of Confidential Information above, this order shall not apply to the following: (a) Any information that is in the public domain at the time of disclosure to the Receiving Party; (b) Any information that, after disclosure to the Receiving Party, becomes part of the public domain as a result of events not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (c) Any information that the Receiving Party can show was known to the Receiving Party before the disclosure; or (d) Any information that the Receiving Party can show was obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

(including, among other things, Documents, testimony, transcripts, Records, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

(f) "Document" means all original documents or electronically stored information, and all copies thereof, as defined in Rule 1001 of the Federal Rules of Evidence and Federal Rule of Civil Procedure 34(a).

(g) "Expert" is a Person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

(h) "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(i) "Party" is any party to this action, including all its officers, directors, employees, consultants, retained experts, and outside counsel of record (and members of their support staff).

(j) "Person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, and any agent for the foregoing.

(k) "Producing Party" is a Party that produces Disclosure or Discovery Material in this Action.

(l) "Receiving Party" is any Party who properly receives Disclosure or Discovery Material from a Producing Party.

(m) "Records," as defined in the Privacy Act, 5 U.S.C. § 552a(a)(4), means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, the individual's education, financial transactions, medical history, and criminal or employment history and that contains the individual's name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or

a photograph.

## II.     Scope of this Protective Order

5. This Protective Order is not a ruling on whether any Confidential Information is properly discoverable, relevant, admissible, or protected by privilege or another basis of exclusion, nor is it a ruling on any potential objection to the discoverability, relevance, admissibility, or claim of privilege or other basis of exclusion of any Confidential Information.

6. This Protective Order covers not only Confidential Information, but also (1) any information copied or extracted from Confidential Information; (2) all excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, questions, statements, or presentations by Parties or their counsel that might reveal Confidential Information.

7. Each Party reserves the right to move to modify and to oppose any motion to modify the terms of this Protective Order, provided that counsel must confer in advance of filing the motion.  If any Party seeks the agreement in writing of all Parties to disclose Confidential Information to anyone who is not an Authorized Recipient, and any Party refuses to agree to the disclosure, the Party seeking to make the disclosure may, on motion after conferring with counsel, seek an order from the Court allowing such disclosure.

## III.     Designation and Disclosure of Confidential Information

8. Any information shall be deemed confidential, without any further action by the Parties, if it meets the definition of "Confidential Information" in this Protective Order.

9. A Party producing any document containing Confidential Information shall mark the relevant information as "CONFIDENTIAL PER PROTECTIVE ORDER" on each page of the document.  The Parties shall also mark as "CONFIDENTIAL PER PROTECTIVE ORDER" any other disclosures pursuant to Federal Rule of Civil Procedure 26, answers to interrogatories, and other discovery responses that contain Confidential Information.  If it is not possible to mark information produced in this matter as "CONFIDENTIAL PER PROTECTIVE ORDER" because of the format in which the information is produced (*e.g.*,

1  native files), the Party shall mark the cover page accompanying the production of the
2  information as "CONFIDENTIAL PER PROTECTIVE ORDER" or label the file as
3  Confidential per Protective Order.

10. Any Party may, in good faith, designate as "CONFIDENTIAL PER PROTECTIVE ORDER" any portion of any deposition testimony and/or any deposition exhibit(s) containing Confidential Information by (i) orally advising the court reporter and counsel of record at the deposition of the beginning and ending of the testimony containing Confidential Information or (ii) sending to the attorneys for all other Parties, within thirty (30) calendar days after the deposition, a written list of the pages of the transcript and/or deposition exhibit numbers that contain such Confidential Information.

11. The cover page of any transcript designated as containing Confidential Information shall prominently display the language:

> <u>CONFIDENTIAL</u> – THIS TRANSCRIPT CONTAINS INFORMATION THAT HAS BEEN DESIGNATED AS CONFIDENTIAL INFORMATION UNDER THE STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION IN THIS ACTION.

12. Any Party may challenge another Party's decision to designate or not to designate information as Confidential Information. Any such challenge will be subject to the objection procedures described in paragraphs 13 and 14. A Party does not waive its right to challenge a confidentiality designation or the absence thereof by electing not to mount a challenge promptly after the original production of Disclosure or Discovery Material.

13. Whenever a Party objects to the designation or failure to designate Disclosure or Discovery Material as Confidential Information under paragraph 12 of this Protective Order, such Party shall serve its written objections, including notice of the information it contends should or should not be designated as Confidential Information and the basis for each challenge, to the

1    Party that produced the information.  The responding Party shall respond within ten business
2    days of the date of service of notice.  The Parties shall attempt to resolve each challenge in
3    good faith and must begin the process by conferring directly (in voice to voice dialogue)
4    within 15 business days of the date of service of notice.  In conferring, the challenging Party
5    must explain the basis for its belief that the challenged information should or should not be
6    designated as Confidential Information under this Protective Order and must give the
7    responding Party the opportunity to review the challenged information, to reconsider the
8    circumstances, and, if no change in designation is offered, to explain the basis for designating
9    or not designating the information as Confidential Information.  A challenging Party may
10   proceed to the next stage of the challenge process only if it has engaged in this meet and
11   confer process first or establishes that the responding Party is unwilling to participate in the
12   meet and confer process in a timely manner.  While a challenge to a designation or failure to
13   designate is pending, the Parties shall treat the information as Confidential Information as
14   provided herein.

15. 14. If the Parties cannot resolve a challenge, the challenging Party may apply to the Court for a
    ruling within 15 business days of the end of the meet and confer process.  Any motion
    brought pursuant to this provision must be accompanied by a competent declaration
    affirming that the movant complied with the meet and confer requirements imposed in the
    preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on
    the challenging Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to
    harass or impose unnecessary expenses and burdens on the other Parties), may expose the
    challenging Party to sanctions.  Unless and until this Court enters an order changing the
    designation of the information, the Parties shall treat the information as Confidential
    Information as provided herein.

15. Except as otherwise ordered by this Court or otherwise agreed upon in writing by all Parties,
    any Confidential Information may be disclosed only to Authorized Recipients.  The
    following individuals are Authorized Recipients under this Protective Order:

1  (a) Counsel for each Party, including attorneys, paralegals, administrative staff, or contractors;

2  (b) The Court and officers of the Court;

3  (c) Experts and consultants (including independent experts and consultants and employees or clerical assistants of these experts and consultants) who are employed, retained, or otherwise consulted by counsel or a Party for the purpose of analyzing data, conducting studies, or providing opinions to assist in such litigation;

4  (d) Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews, or trial in this action;

5  (e) Custodians of records, to the extent reasonably necessary to obtain information or evidence within the scope and limitations of discovery under Federal Rule of Civil Procedure 26(b);

6  (f) Court reporters and videographers retained to take depositions;

7  (g) Any third party used to assist the Parties in attempting to resolve this litigation; and

8  (h) Any other individual whom counsel of record for both Parties agree, in writing, is an Authorized Recipient under this Protective Order.

16. Before any Authorized Recipient obtains or is shown any Confidential Information, counsel for the Party disclosing the Confidential Information must provide the Authorized Recipient with an electronic or hard copy of this Protective Order, and the Authorized Recipient must sign a statement (in the form of Exhibit A to this Protective Order) agreeing to abide by the terms of the Protective Order.  Counsel for the Party disclosing the Confidential Information to the Authorized Recipient shall retain a copy of this signed statement.

17. No Authorized Recipient may disclose or permit the disclosure of any Confidential Information to anyone who is not also an Authorized Recipient.

18. Authorized Recipients shall maintain Confidential Information in a manner that precludes

access by persons who are not Authorized Recipients.

19. Unless otherwise ordered by this Court, no Party may disclose Confidential Information:

    (a)    In open court or at trial, either orally or through the submission of documents or other exhibits; or

    (b)    In or as part of a pleading, motion, exhibit, expert report, or other public filing, unless the Party first obtains the Court's permission to make the filing under seal.

20. The Parties and any other persons or entities to whom Confidential Information is disclosed under this Protective Order shall use such Confidential Information only for purposes relating to the litigation of this Action, including any subsequent appeals.  Nothing in this Protective Order shall prohibit the transmission of Confidential Information between and among Authorized Recipients of such information.

21. If any Confidential Information is inadvertently disclosed to anyone who is not an Authorized Recipient, the individual making the inadvertent disclosure shall, upon learning of the disclosure: (1) promptly notify the person or entity to whom the disclosure was made that it contains Confidential Information subject to this Protective Order; (2) promptly make all reasonable efforts to retrieve all copies of the Confidential Information from, and preclude dissemination or use by, the person or entity to whom the disclosure was inadvertently made; and (3) promptly notify, in writing, counsel of record for all Parties of the inadvertent disclosure, the circumstances of the disclosure, and the steps taken to retrieve and prevent the dissemination or use of the Confidential Information.

**IV.**  **<u>Retention, Destruction, or Return of Materials Containing Confidential Information</u>**

22. At the conclusion of this Action, including any subsequent appeals, all originals and copies of materials containing Confidential Information (and all summaries of documents containing Confidential Information) shall be destroyed or returned to the producing Party or the producing Party's counsel or representative, unless: (1) otherwise ordered by the Court; (2) the destruction or return of such materials is prohibited by law; or (3) the document has been filed with the Court or used as an exhibit.

23. This Protective Order does not require the destruction of materials protected by the attorney-client privilege or work product doctrine.  In addition, counsel for each Party may retain complete copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.  In addition, either Party may maintain electronic data containing Confidential Information that is stored on backup media that are not readily accessible, and need not destroy such backup media if such backup media is kept in the ordinary course of the Party's information retention practices.  The Confidential Information contained in any such backup media remains subject to this Protective Order.

**SO STIPULATED.**

Dated this 3rd day of September, 2021.        Respectfully submitted,

**FOR THE UNITED STATES:**

REBECCA B. BOND, Chief

/s/ Stephanie M. Berger
KATHLEEN P. WOLFE, Special Litigation Counsel
KEVIN J. KIJEWSKI, Deputy Chief
STEPHANIE M. BERGER
ELIZA DERMODY
JOY LEVIN WELAN
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW – 4CON
Washington, DC 20530
Telephone: (202) 353-5101
Stephanie.Berger@usdoj.gov
Eliza.Dermody@usdoj.gov
Joy.Welan@usdoj.gov

**FOR THE DEFENDANT:**

/s/ Thomas P. Fehér
THOMAS P. FEHER
LeBeau Thelen, LLP
5001 East Commercenter Drive, Suite 300
P.O. Box 12092
Bakersfield, CA 93389
Telephone: (661) 325-8962
Fax: (661) 325-1127
tfeher@lebeauthelen.com

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2  Signed this   8th   day of  September  , 2021.

3

4  _____
   JENNIFER L. THURSTON
   CHIEF UNITED STATES
5  MAGISTRATE JUDGE

# EXHIBIT A
## Acknowledgment of Protective Order

I have read and understand the provisions of the stipulated Protective Order governing *United States of America v. Chibuike Anucha, MD, PC*, United States District Court for the Eastern District of California, Case No. 1:21-cv-00055-JLT, currently pending in the United States District Court for the Eastern District of California. I agree to abide by all of the terms of the Protective Order. If I receive any Confidential Information, as defined in the Protective Order, I will refrain from disclosing it except as permitted in the Protective Order, and refrain from using it other than for purposes of the case listed above. At the conclusion of this case and the exhaustion of all appeals, or the expiration of the period for filing any appeals or petitions for rehearing or review, I will destroy all Confidential Information, including all copies, or will return it to counsel for the Party or third party who disclosed it to me.

Date: _____     Signature: _____

                                               Printed Name: _____